1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   ALVARO C. RODRIGUEZ,                          No. C 07-4126 SI

9              Plaintiff,                         **ORDER GRANTING DEFENDANT'S
                                                  MOTION TO DISMISS**
10     v.

11  THE STATE OF CALIFORNIA,

12             Defendant.
                                          /
13

14         Defendant's motion to dismiss is scheduled for a hearing on January 15, 2008. Pursuant to Civil

15  Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral

16  argument, and VACATES the January 15, 2008 hearing. The Court also VACATES the January 18,

17  2008 case management conference. For the reasons set forth below, the Court GRANTS the motion and

18  DISMISSES the complaint without leave to amend.

19

20                                    **DISCUSSION**

21         This case is the latest in a series of actions filed by plaintiff in which he seeks to challenge two

22  misdemeanor convictions for driving under the influence of alcohol. Plaintiff has filed two previous

23  cases under 42 U.S.C. § 1983 alleging that his constitutional rights were violated during his 1991 arrest

24  and subsequent state convictions. *See Rodriguez v. County of Alameda et al.*, C 95-1613 SI; *Rodriquez

25  v. County of Alameda et al.*, C 04-5196 MMC. Both cases were dismissed without leave to amend, and

26  in both cases the Court explained to plaintiff that under *Heck v. Humphrey*, 512 U.S. 477, 486 (1994),

27  plaintiff could not proceed with his civil rights claims unless and until his convictions had been

28  overturned or otherwise invalidated. Plaintiff also filed a habeas petition challenging his convictions,

1   *Rodriguez v. Lungren*, C 95-1248 SI . By order filed May 14, 1997, this Court denied the habeas

2   petition and held that petitioner had not shown that his constitutional rights were violated in connection

3   with his convictions.

4       Plaintiff filed the instant lawsuit on August 10, 2007, against the State of California. The

5   complaint is titled "Independent Action on Collateral Attack of State 'Void Judgment,'" and alleges that

6   plaintiff's due process rights were violated when he was convicted in 1993. The complaint also states,

7   *inter alia*, that plaintiff has unsuccessfully moved to set aside his convictions in the state courts.

8   Complaint at 9. On November 14, 2007, defendant filed a motion to dismiss the complaint on numerous

9   independent grounds. Defendant contends, *inter alia*, that this lawsuit is barred by the *Rooker-Feldman*

10  doctrine and *Heck v. Humphrey*. On November 21, 2007, plaintiff filed a "Request for Permission to

11  Reply to Defendant's Answer for Clarification of Complaint," along with the "Clarification."[1]

12  Plaintiff's Clarification states that plaintiff "seeks to have this court set aside the state judgment or

13  declare the judgment invalidated for lack or want of subject-matter jurisdiction." Clarification at 1.

14      The Court concludes that plaintiff's complaint is barred, and that leave to amend would be futile.

15  Plaintiff has challenged his state court convictions both through the state courts and through his federal

16  habeas action; all challenges have been unsuccessful. Plaintiff cannot now attempt to invalidate his state

17  court convictions through this Section 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92

18  (1973) (state prisoner challenging conviction on constitutional grounds limited to federal habeas

19  actions); *Heck*, 512 U.S. at 486 (Section 1983 claim for damages that effectively attacks

20  constitutionality of a conviction may not proceed unless conviction has been "reversed on direct appeal,

21  expunged by executive order, declared invalid by a state tribunal authorized to make such determination

22  or called into question by a federal court's issuance of a writ of habeas corpus."); *see also District of*

23  *Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263

24  U.S. 413, 415-16 (1923). Plaintiff cannot cure the deficiencies in his complaint, and thus the Court

25  dismisses the complaint without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th

26  Cir. 1995).

27

28      [1] Plaintiff has not otherwise filed an opposition to the motion to dismiss, and the Court will consider plaintiff's "Clarification" as the opposition.

1 | **CONCLUSION**

2 For the foregoing reasons, the Court GRANTS defendant's motion to dismiss and DISMISSES

3 the complaint without leave to amend.  (Docket No. 13)**.  Plaintiff is directed not to file any further**

4 **federal cases regarding his 1993 state court convictions because these actions are without legal**

5 **merit.**

6

7 **IT IS SO ORDERED.**

8

9 Dated: January 14, 2008

SUSAN ILLSTON
10 United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3